IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DOLGENCORP, LLC d/b/a DOLLAR GENERAL<br><br>Defendant. | CIVIL ACTION NO.<br><br>2:22-CV-198-RWS-JCF<br><br>JURY TRIAL DEMAND |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Calleigh Rutledge ("Ms. Rutledge"), who was adversely affected by such practices. The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant Dolgencorp, LLC d/b/a Dollar General ("Defendant"), unlawfully discriminated against Ms. Rutledge based on her sex (female) when it terminated her due to her pregnancy, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Gainesville Division. Venue is proper in this Court under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has conducted business in the State of Georgia, and it has continuously had at least 15 employees. Defendant's registered

agent is located at 192 Anderson Street SE, Suite 125, Marietta, Cobb County, Georgia.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty (30) days prior to the initiation of this lawsuit, Ms. Rutledge filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On March 1, 2022, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII had been violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On May 11, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Defendant hired Ms. Rutledge on or about August 19, 2020 to work as a Sales Associate. Ms. Rutledge primarily worked for Defendant as a cashier at Defendant's store no. 17645.

11. Since at least September 15, 2020, Defendant has engaged in unlawful employment practices, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2 and the Pregnancy Discrimination Act of 1978, 42 U.S.C § 2000e-(k), by terminating Ms. Rutledge because of her pregnancy, a condition of her sex, female.

12. On or about September 15, 2020, Ms. Rutledge informed Defendant's store manager that she was pregnant.

13. At no time during her employment did Ms. Rutledge request pregnancy-related leave or maternity leave, or otherwise suggest that she was unable to work due to her pregnancy.

14. Nevertheless, on or about September 15, 2020, immediately after learning of her pregnancy, Defendant's store manager stated, "Since you are pregnant, you can no longer work here," and discharged Ms. Rutledge due to her pregnancy.

15. Upon information and belief, upon learning of Ms. Rutledge's pregnancy, Defendant's store manager assumed Ms. Rutledge's pregnancy rendered

her unable to work.  Ms. Rutledge was able to work and perform her job at the time she was discharged.

16. Late in the evening on or about September 15, 2020, Defendant's store manager called Ms. Rutledge to apologize for firing her. Defendant's store manager told Ms. Rutledge she felt bad and would inquire as to whether Ms. Rutledge could return to work for 2 hours per day, light duty.

17. On or about September 16, 2020, Ms. Rutledge and Defendant's store manager had the following text exchange:

| | |
|---|---|
| Store Manager: | [Defendant's District Manager]'s on vaca for the week.. so I'm calling HR to see what to do. |
| Ms. Rutledge: | I will need more then 2 hours a day, I sat down and calculated it and even working 7 days a week at 2 hours a day is only a little over $100 |
| Store Manager: | *Will that be safe?* How many hrs are you thinking |
| Ms. Rutledge: | […] I can work the hours I was working […] |

(emphasis added).

18. On or about September 15, 2020, Ms. Rutledge attempted to call Defendant's District Manager to discuss the discriminatory discharge. Defendant's District Manager did not return her call.

19. Ms. Rutledge was never again placed on the work schedule.

20. On or about September 17, 2020, Ms. Rutledge texted Defendant's store manager asking whether she was still employed, to which Defendant's store manager responded affirmatively that Ms. Rutledge was still employed.

21. However, on or about September 18, 2020, Ms. Rutledge received her separation notice dated September 15, 2020, stating her discharge was due to "health reasons."

22. There is temporal proximity between Ms. Rutledge informing Defendant of her pregnancy and her termination.

23. Upon information and belief, Ms. Rutledge's non-pregnant comparators were not presumed unable to work.

24. Defendant's actions of discharging Ms. Rutledge are discriminatory and motivated by her pregnancy, and any non-discriminatory reasons proffered by Defendant are pretext for unlawful discrimination.

25. The unlawful employment practices complained of above were intentional.

26. The unlawful employment practices complained of above have deprived Ms. Rutledge of equal employment opportunities and have otherwise adversely affected her status as an employee because of her pregnancy, a condition of her sex (female).

27. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to Ms. Rutledge's federally protected rights.

28. As a direct and proximate result of Defendant's unlawful conduct, Ms. Rutledge suffered actual damages, including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in employment practices which discriminate against employees based on their sex, and otherwise engaging in any other employment practices which discriminate against employees who are pregnant.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees who are pregnant, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Ms. Rutledge whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

D. Order Defendant to make Ms. Rutledge whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Ms. Rutledge whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Ms. Rutledge punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

          Respectfully submitted,

          EQUAL EMPLOYMENT
          OPPORTUNITY COMMISSION

          CHRISTOPHER LAGE
          Deputy General Counsel

          MARCUS G. KEEGAN
          Regional Attorney

          LAKISHA DUCKETT ZIMBABWE
          Assistant Regional Attorney
          Georgia Bar No. 231641
          lakisha.duckett-zimbabwe@eeoc.gov

          /s/ *Veronica Cox*
          Veronica Cox
          Trial Attorney
          Georgia Bar No. 712154
          U.S. Equal Employment Opportunity Commission
          Atlanta District Office
          100 Alabama St., SW, Suite 4R30
          Atlanta, GA 30303
          veronica.rogusky.cox@eeoc.gov
          404-219-6324 (mobile)
          470-531-4837 (office)